J-A21044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE VANCE SHOEMAKER | : | |
| | : | |
| Appellant | : | No. 1049 MDA 2024 |

Appeal from the PCRA Order Entered June 27, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000533-2008

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: AUGUST 12, 2025**

Appellant Jesse Vance Shoemaker appeals the order of the Court of Common Pleas of Adams County that dismissed Appellant's petition pursuant to the Post Conviction Relief Act (PCRA) as untimely filed.[1] We affirm.

On September 15, 2008, Appellant entered a negotiated guilty plea to forgery (graded as a felony of the third degree). On the same day, the trial court sentenced Appellant to thirty-six months of county intermediate punishment to be served in probationary phases. Appellant's sentence would run consecutively to other sentences that he was serving for forgeries and access device fraud.

While on supervision during the original intermediate punishment sentence, on May 6, 2014, Appellant was convicted of corruption of minors

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

and indecent assault in Cumberland County. On July 28, 2014, Appellant acknowledged that his Cumberland County convictions constituted violations of his original sentence of intermediate punishment. On October 30, 2014, Appellant was resentenced to 1½ - 3 years' imprisonment.

On appeal, Appellant's counsel sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On June 10, 2015, this Court affirmed the judgment of sentence and granted counsel permission to withdraw. *See Commonwealth v. Shoemaker*, 2015 MDA 2014, 2015 WL 7077216 (Pa.Super. June 10, 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On April 8, 2024, Appellant filed a *pro se* PCRA petition. On May 7, 2024, the PCRA court appointed Brandy G. Hoke, Esq. to serve as Appellant's counsel in the collateral proceedings. In the same order, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, finding Appellant's petition was untimely and had not specifically pled an exception to the jurisdictional time limits. The PCRA court indicated Appellant had forty-five days to file an amended petition or otherwise show why the petition should not be dismissed without a hearing.

On June 24, 2024, Atty. Hoke filed a no-merit letter and a petition to withdraw pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 2018), claiming that Appellant's PCRA petition was untimely. Atty. Hoke attached a

letter she had sent Appellant along with her petition to withdraw and no-merit brief, in which she informed Appellant of his right to retain new counsel.

On June 25, 2024, the PCRA court granted Atty. Hoke permission to withdraw. On June 27, 2024, the PCRA court entered a final order dismissing Appellant's PCRA petition. Appellant filed this timely *pro se* appeal, solely focusing on his allegation that he was denied credit for time served by the sentencing court.[2]

As a preliminary matter, we must evaluate whether the instant PCRA petition meets the PCRA timeliness requirements. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

---

[2] On appeal, Appellant has not challenged the propriety of PCRA counsel's no-merit letter or the PCRA court's decision to allow PCRA counsel to withdraw. Our Supreme Court has held that it is inappropriate for an appellate court to "*sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Commonwealth v. Pitts**, 603 Pa. 1, 9, 981 A.2d 875, 879 (2009), *overruled on other grounds by* **Commonwealth v. Bradley**, 669 Pa. 107, 261 A.3d 381 (2021).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, Appellant was sentenced on October 30, 2014 and this Court affirmed the judgment of sentence on June 10, 2015. As Appellant did not file a petition for allowance of appeal, Appellant's judgment of sentence became final thirty days later on July 10, 2015 and Appellant had until July 10, 2016 to file a timely PCRA petition. Thus, the instant petition filed on April 8, 2024 is facially untimely.

However, in his appellate brief, Appellant neither cites to the PCRA timeliness exceptions nor attempts to demonstrate how one of these exceptions applies to the case at bar. Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. **Commonwealth v. Beasley**, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). As Appellant has not proven that one of the PCRA timeliness exceptions applies to his petition, we have no jurisdiction to further consider Appellant's petition.

Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025